IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Da'von Lamont Moore, )  Case No.: 4:25-cv-1969-JD-TER
#HC05222433419, a/k/a Da-Von )
Lamont Moore, a/k/a Da-Von Moore, )
Sr., )
          Plaintiff, )
 ) **ORDER AND OPINION**
          vs. )
 )
J. Reuben Long Detention Center, )
Cpl. S. Atwood, Lt. Robert Schomp, )
 )
          Defendants. )
_____ )

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III (DE 13), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Magistrate Judge's pre-service screening of Plaintiff Da'von Lamont Moore's ("Plaintiff" or "Moore") pleadings under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary follows for context.

Moore, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this civil action pursuant to 42 U.S.C. § 1983 while detained at the J. Reuben Long Detention Center.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff alleges that various constitutional violations occurred during his detention, naming as defendants the detention facility itself, Cpl. S. Atwood, and Lt. Robert Schomp. Specifically, Plaintiff asserts violations of his First, Fifth, Eighth, and Fourteenth Amendment rights.

Plaintiff's allegations include claims that Defendant Atwood denied him access to a Bible and group Bible study, allegedly while affording similar accommodations to adherents of other religions. Plaintiff further raises broad complaints about conditions of confinement, such as food quality, over-crowding, lack of access to CPR training, limited recreation, and inadequate sanitation. He also presents claims against Defendant Schomp concerning purported forgery in a separate state landlord-tenant proceeding. As relief, Plaintiff seeks both legal redress and various non-judicial demands, including material goods and services unrelated to any constitutional claim.

### B. Report and Recommendation

On April 7, 2025, the Magistrate Judge issued the Report recommending dismissal of Schomp and the J. Reuben Long Detention Center, with prejudice and without leave to amend and without issuance and service of process. (DE 13.) The Report, applying the less stringent standard for *pro se* pleading, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), concluded that:

1. The claims against Defendant J. Reuben Long Detention Center must be dismissed because the facility is not a "person" subject to suit under 42 U.S.C. § 1983.

2. The claims against Defendant Lt. Robert Schomp are barred as duplicative of allegations previously adjudicated in *Moore v. Schomp*, No. 4:25-cv-1290-JD, and are precluded under the *Rooker-Feldman* doctrine.

3. Plaintiff's general allegations regarding conditions of confinement are subject to dismissal for failure to allege the personal involvement of any named Defendant, as required under § 1983.

4. Plaintiff's allegation that Defendant Cpl. S. Atwood denied him access to a Bible and religious group study, while allegedly allowing such privileges to other religions, was sufficient to survive initial review. The Magistrate Judge concluded that this claim implicates potential First Amendment concerns and may proceed.

(DE 13 at 3-5.) No objections to the Report have been filed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having thoroughly reviewed the Report and the record in this case and finding no clear error, the Court adopts the Report (DE 13) and incorporates it herein by reference.

Accordingly, it is ORDERED that

1. Plaintiff's claims against Defendants J. Reuben Long Detention Center and Lt. Robert Schomp are DISMISSED WITH PREJUDICE and without issuance or service of process;

2. Plaintiff's claim against Defendant Cpl. S. Atwood, limited to the alleged denial of religious accommodations, shall proceed; and

3. The Clerk is directed to terminate Defendants J. Reuben Long Detention Center and Lt. Robert Schomp from the docket.

**IT IS SO ORDERED.**

Florence, South Carolina
June 13, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4