UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

DA'VON LAMONT MOORE,                    )     Civil Action No. 4:25-cv-1969-JD-TER
#HC05222433419,                         )
a/k/a Da'von Lamont Moore,              )
a/k/a Da-von Moore, Sr.                 )
                                        )
            Plaintiff,                  )            **ORDER**
                                        )
                    -vs-                )
                                        )
                                        )
CPL. S. ATWOOD,                         )
                                        )
            Defendant.                  )
_____

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendant violated his constitutional rights.   Presently before the Court are Plaintiff's Motion to Amend his Complaint (ECF No. 25), Plaintiff's Motion for Disclosure/Discovery (ECF No. 27), and Plaintiff's Motion to Appoint Counsel (ECF No. 28).   All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.

**Motion to Amend Complaint**

Plaintiff seeks to file an amended complaint to add Marcus Rhodes, the Warden[1] at the J. Reuben Long Detention Center, as a Defendant and to revise his injuries and the relief he seeks. In his original Complaint, Plaintiff raised allegations regarding conditions of confinement, like food, over-celling, insects, no CPR class, lockdowns, outside recreation, no books, failed jail inspections, retaliation, and dirty showers.   These claims were dismissed due to a lack of personal

_____
1Defendant represents that Rhodes is the Director, rather than the Warden, of the J. Reuben Long Detention Center.

1

causal connection between the allegations and the individual Defendants named in the action. Defendant J. Reuben Long Detention center was dismissed because it is not a "person" subject to suit under § 1983, and Defendant Schomp was dismissed because the claims against him were duplicate allegations to those already addressed in a previous action. Only Plaintiff's claim against Defendant Atwood regarding denial of a Bible and group Bible study remain pending. See Report and Recommendation (ECF No. 13); Order (ECF No. 29). In his proposed amended complaint, Plaintiff seeks to add Rhodes as a Defendant and revive his conditions of confinement claims in addition to his claims against Atwood.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given freely when justice so requires.   "Although leave to amend should be freely given when justice so requires, ... [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (alteration, citations, and internal quotation marks omitted). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face ... [or] if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (citation and internal quotation marks omitted).

Plaintiff's proposed condition of confinement claims would fail for the same reasons they did in his original complaint.   To assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. See Kentucky v. Graham, 473 U.S.159, 166 (1985); Rizzo v. Good, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury

resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. See <u>Graham</u>, 473 U.S. at 166; <u>Harris v. City of Va. Beach</u>, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

Here, Plaintiff does not allege any personal involvement by Rhodes in the alleged constitutional depravations. He alleges only that Rhodes is the person who is in charge of what goes on at the jail. Vicarious liability or respondeat superior is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. See <u>Monell v. Dep't Soc. Servs.</u>, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

<u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); <u>Slakan v. Porter</u>, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff's proposed amended complaint does not include sufficient

3

allegations to meet the exception to the prohibition of supervisory liability and, thus, would be futile.

Plaintiff's proposed amended complaint also seeks to sue Defendant Atwood in his official capacity (in addition to his individual capacity as currently plead), which would also be futile. The Eleventh Amendment prohibits federal courts from entertaining an action against a state, see, e.g., Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); Hans v. Louisiana, 134 U.S. 1, 10–11 (1890), and that immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] is no different from a suit against the State itself," Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. Id. It is well-settled that a Sheriff and his deputies are arms of the state entitled to immunity under the Eleventh Amendment. See Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (finding that a South Carolina sheriff is a state official), aff'd, 878 F.2d 379 (4th Cir. 1989); see also Gore v. Knight, 2022 WL 17750752, at *2 (D.S.C. Nov. 4, 2022) (stating that "South Carolina sheriffs and sheriff's offices are entitled to Eleventh Amendment immunity" and recommending dismissal of sheriff sued in his official capacity), report and recommendation adopted, 2022 WL 17484818 (D.S.C. Dec. 7, 2022). Thus, allowing an amendment to assert a claim against Defendant Atwood in his official capacity would be futile.  For these reasons, Plaintiff's Motion to Amend is denied.

**Motion for Disclosure/Discovery**

In this motion, Plaintiff appears to seek an order from this court directing Defendant to produce certain documents. It does not appear that Plaintiff has previously served these requests on Defendant. Thus, Plaintiff's motion is premature. The court does not become involved in the discovery process unless and until a party who has been served with discovery requests under the Federal Rules of Civil Procedure fails to adequately respond to those requests as required by said rules. Accordingly, Plaintiff's Motion for Disclosure/Discovery is denied.

**Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel in this civil action. It is well-held that there is no right, constitutional or statutory, to the appointment of counsel in a civil case. Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). While the court is granted the power to exercise its discretion to appoint counsel for a party proceeding in forma pauperis in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances exist is a fact-specific determination. See Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989). "[T]he existence of exceptional circumstances in each case 'hinges on characteristics of the claim and the litigant.'" Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (quoting Whisenant, 739 F.2d at 163). "The district court must therefore assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id.

5

Because Plaintiff is proceeding in forma pauperis, the undersigned conducted an initial review of his complaint pursuant to 28 U.S.C. § 1915. Implicit in the determination that this case was proper for service is the finding that this case is not frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) (authorizing dismissal of a case that is frivolous or malicious).

With respect to the difficulty of the claim, Plaintiff alleges that Defendant violated his constitutional rights by refusing to provide him with at Bible and refusing to allow him to meet with others for a group Bible study. Though Plaintiff's allegations are serious, the claim itself is not particularly difficult or complex.

In Jenkins, the Fourth Circuit considered several factors regarding the third consideration of whether the plaintiff could present his claim, including the fact that the litigant was incarcerated, his educational background and legal knowledge, his inability to access legal materials and evidence, and the presence of mental illness. Id. at 248-49. Plaintiff argues only that, as a prisoner, he cannot watch videos relevant to his claim without an attorney, and he will be going into the hospital and will not be able to receive or respond to legal mail from the court. Plaintiff's incarceration presents obvious hardships in litigating his case; however, based on the current record, Plaintiff fails to demonstrate a need for appointment of counsel. The Court can address any discovery issues relating to Plaintiff's ability to view evidence in this case if and when they arise. Further, Plaintiff has not presented the date or the length of time he will be hospitalized and, thus, this reason fails to present exceptional circumstances that would warrant appointment of counsel in this civil case. Thus, Plaintiff's Motion to Appoint Counsel is denied.

For the reasons discussed above, Plaintiff's Motion to Amend his Complaint (ECF No. 25) is **DENIED**, Plaintiff's Motion for Disclosure/Discovery (ECF No. 27) is **DENIED**, and Plaintiff's Motion to Appoint Counsel (ECF No. 28) is **DENIED.**

**IT IS SO ORDERED**.

  s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 22, 2025
Florence, South Carolina